## CASE *verfus* HUFTY.

IN this case it was ruled by THE COURT, that, to entitle the plaintiff to judgment by default, the service of a summons *on the Person* of the defendant, as well as if left at his house, must be *ten days* before the return.

## VIENNE *verfus* M'CARTY, furviving Partner.

AFTER argument, THE PRESIDENT delivered the opinion of the Court in this cause.

SHIPPEN *Prefident*:—The first point to be considered in this case, is, whether the Court think themselves authorized to enquire into the cause of action in the case of *attachments*, as they do in cases of *Capias*, where the defendant's person is taken into custody? The reason of enquiring into the cause of action on writs issued against the person, is to prevent a vexatious plaintiff from imprisoning the body of the defendant *without cause*: In the case of attachments, though the reason may not perhaps be so forcible, as the personal liberty of the defendant is more precious than his property, yet the abuse of the process of law may be as great, and the necessity of providing against a wanton and groundless seizure of the defendant's effects, as obvious. In the case of *specific articles* attached, a stranger's ship, or other effects, may be taken out of his hands, and detained for such a length of time as to ruin his voyage, and embarrass his affairs beyond redress. So, in the case of *debts* attached, his property may be locked up, his remittances prevented, and the injury nearly as great as in the other case. The bail marked by an attorney, or

a